**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JEFFREY S. RANEN, SB# 224285
  E-Mail: Jeffrey.Ranen@lewisbrisbois.com
LEO A. BAUTISTA, SB# 149889
  E-Mail: Leo.Bautista@lewisbrisbois.com
KATHERINE C. DEN BLEYKER, SB# 257187
  E-Mail: Katherine.DenBleyker@lewisbrisbois.com
VICTORIA LIN, SB# 283699
  E-Mail: Victoria.Lin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone:   213.250.1800
Facsimile:   213.250.7900

Attorneys for Defendant Aegis Senior Communities LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE NEWIRTH, by and through her Guardian Ad Litem, FREDERICK J. NEWIRTH, on her own behalf and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> AEGIS SENIOR COMMUNITIES LLC; dba AEGIS LIVING; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO. <br><br> **DEFENDANT'S NOTICE OF REMOVAL** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332 and 1446, Defendant Aegis Senior Communities LLC ("Defendant" or "Aegis"), by and through its undersigned counsel, contemporaneously with the filing of this Notice, hereby removes the above-captioned matter from the Superior Court of the State of California for the County of Alameda to the United States

4837-0889-5028.2

DEFENDANT'S NOTICE OF REMOVAL

District Court for the Northern District of California.

## I.   STATEMENT OF JURISDICTION

1.   This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") codified at 28 U.S.C. § 1332(d).  CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which the proposed class contains at least 100 members, at least one member of the class is a citizen of a state different from any defendant, and where the amount in controversy for the putative class members exceeds $5 million in the aggregate, exclusive of interest and costs.  CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.  Here, as set forth below, this case satisfies CAFA's requirements for removal.

## II.   VENUE

2.   The action was initially filed in the Superior Court of the State of California for the County of Alameda.  Venue therefore properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(c), 1391(a), 1441(a), and 1446.

## III.   STATUS OF THE PLEADINGS

3.   On or about April 12, 2016, Plaintiff June Newirth ("Plaintiff") commenced a civil action in the Superior Court of the State of California for the County of Alameda, captioned *Newirth v. Aegis Senior Communities LLC*, Case No. RG16811167 (the "State Court Action").  Plaintiff did not serve Defendant with a copy of the initial Complaint.

4.   On or about May 24, 2016, a Complex Determination hearing was held and this matter was designated as complex.

5.   On or about June 9, 2016, Plaintiff filed her First Amended Complaint ("FAC") in the Superior Court of the State of California for the County of Alameda, in which Plaintiff asserted additional facts to support her first cause of action.  The FAC states the following claims for relief: (1) Violation of the California Consumers Legal Remedies Act (Cal. Civil Code § 1750 et seq.); (2) Unlawful and Deceptive Business Practices (Cal. Bus. & Prof. Code § 17200 et seq.); and (3) Elder Financial Abuse (Cal. Welf. & Inst. Code § 15610.30).

6.   On June 14, 2016, Plaintiff served the Summons, FAC and Civil Case Cover Sheet

1  on Defendant.  A true and correct copy of all process, pleadings, and orders in the State Court
2  Action known to Defendant is attached hereto as Exhibit "A."  This Notice of Removal is being
3  filed within 30 days of the service of the Summons and Complaint, and is therefore timely filed
4  under 28 U.S.C. § 1446(b).

5      7.    On June 28, 2016, the Court issued an order continuing the Case Management
6  Conference in this matter to August 30, 2016.

7      8.    Defendant has not pled, answered, or otherwise appeared in the State Court Action.

8      9.    To Defendant's knowledge, as of the date of this Notice of Removal, no other
9  parties have been named or served with a copy of the Summons and FAC.  To Defendant's
10  knowledge, no other pleadings, process or orders related to the State Court Action have been filed
11  with the Superior Court of the State of California, County of Alameda.

12  **IV.   NOTICE TO STATE COURT AND TO PLAINTIFF'S COUNSEL**

13      10.    Contemporaneously with the filing of this Notice of Removal in the United States
14  District Court for the Northern District of California, written notice of the removal will be given
15  by the undersigned to Plaintiff's counsel of record, Kathryn A. Stebner and George Kawamoto of
16  Stebner and Associates; Christopher J. Healey of Dentons US LLP; Michael D. Thamer of the
17  Law Offices of Michael D. Thamer; W. Timothy Needham of Janssen Malloy LLP; Guy B.
18  Wallace and Sarah Colby of Schneider Wallace Cottrell Konecky Wotkyns, LLP; and Robert S.
19  Arns and Julie C. Erickson of The Arns Law Firm, and a copy of this Notice of Removal will be
20  filed with the Clerk of the Superior Court of the State of California, County of Alameda, as
21  required by 28 U.S.C. § 1446(d).

22  **V.   REMOVAL IS PROPER UNDER CAFA**

23      11.    This Court properly exercises jurisdiction over Plaintiff's claims pursuant to the
24  Class Action Fairness Act of 2005 ("CAFA").

25      12.    CAFA grants federal district courts original jurisdiction over civil class action
26  lawsuits in which any plaintiff is a citizen of a state different from any defendant, and where the
27  aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. §
28  1332(d).  CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.  As set

forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice. Specifically, this Court has jurisdiction over this case under CAFA because it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendant is not a state, state official or other government entity; (3) there is minimal diversity between at least one class member and one defendant; and (4) the amount in controversy for all class members exceeds $5,000,000. *See* 28 U.S.C. §§ 1332(d), 1441; *see also Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) (citing 28 U.S.C. § 1332(d)(2), (5)(B), (6)).

### A. There Are More Than 100 Putative Class Members

13. As set forth in the FAC, Plaintiff pursues her alleged claims on behalf of herself and other "similarly situated" persons. Plaintiff defines the putative class as "persons who resided or reside at one of the California assisted living facilities owned and/or operated by Aegis under the Aegis name from April 12, 2012 through the present (the "Class Period"), and who contracted with Aegis for services for which Aegis was paid money." (Exhibit A, ¶ 66 [FAC].) While Plaintiff does not allege an estimate of the size of the putative class, Defendant's resident records show that approximately 3,693 individuals resided in Defendant's California assisted living facilities during the Class Period and contracted with Defendant for services for which Defendant was paid money. (Declaration of Walter Jossart (hereinafter "Jossart Decl."), ¶ 6.) Accordingly, there are more than 100 members in the putative class.

### B. Defendant is Not a Government Entity

14. Defendant is not a state, a state official or any other government entity. (Jossart Decl., ¶ 2.)

### C. There is Minimal Diversity of Citizenship Between the Parties

15. CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b).

16. CAFA expressly outlines the citizenship of unincorporated associations, which include business entities that are not corporations, such as limited liability companies. *See Ferrell*

*v. Express Check Advance LLC,* 591 F.3d 698, 705 (4th Cir. 2010).  Under CAFA, an unincorporated association is a citizen both of the state where it has its principal place of business and under whose laws it is organized.  28 U.S.C. § 1332(d)(10).

          1.      <u>Plaintiff is a Citizen of California</u>

17.      For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983*); see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time a lawsuit is filed); *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991).  A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return.  *See Kanter v. Warner-Lambert Clew & Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986).

18.      In a class action, only the citizenship of the named parties is considered for diversity purposes, not the citizenship of putative class members.  *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969).

19.      According to the FAC, at all times mentioned therein, Plaintiff Newirth is and was a resident of the State of California.  (Exhibit A at ¶ 14 [FAC].)   This allegation by Plaintiff establishes that she is a citizen of the State of California.  *See Kanter*, 797 F.2d at 751 (allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also Smith v Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. Mar. 14, 2008) (place of residence proves "*prima facie*" case of domicile).

          2.      <u>Defendant is Not a Citizen of California</u>

20.      Under CAFA, a limited liability company is an unincorporated association and is a citizen of the State where it has its principal place of business as well as the state under whose laws it is organized.  28 U.S.C. § 1332(d)(10).

21.      Defendant is a limited liability company organized under the laws of the state of Washington.  (Jossart Decl., ¶ 2.)

22.      Defendant's principal place of business is in the state of Washington.  Although courts previously employed one of a number of tests to determine an entity's "principal place of

business," the United States Supreme Court has clarified this uncertainty and announced a single, uniform test to be applied in making such a determination. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). In this regard, the Court held that the "nerve center" test is used to determine the "principal place of business." *Id.* To this end, the Court reasoned that a corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id.* In other words, a corporation's "principal place of business" can be found where the corporation's "brain" is located. *Id.* at 1193. Although the *Hertz* Court did not articulate a precise test by which to determine the location of a corporation's "nerve center," prior lower court decisions applying the "nerve center" test are instructive in this regard. Specifically, courts have previously considered the following list of non-exclusive factors in determining a corporation's "nerve center":

    a.    where the company's home offices are located;

    b.    where the directors and stockholders meet;

    c.    where the corporate officers and executives reside;

    d.    where policy decisions are made;

    e.    where the general counsel resides and has its offices; and

    f.    where the administrative and financial offices are located and the records kept. *See, e.g., Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964); *see also State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989).

    23.    Defendant's "nerve center" is indisputably located in Washington:

    a.    Defendant's headquarters and principal executive office is located in the State of Washington; (Jossart Decl., ¶ 2.)

    b.    Defendant's Chief Executive Officer, Dwayne J. Clark, is a resident of the state of Washington; (Jossart Decl., ¶ 3.)

    c.    A majority of Defendant's executive team is also based in the state of Washington; (Jossart Decl., ¶ 3.)

    d.    Defendant's primary administrative officers are located in the State

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

of Washington; (Jossart Decl., ¶ 4.)

   e. A substantial majority of Defendant's business decisions, including operational, executive and administrative policy decisions, like human resources and benefits, are made at its Washington headquarters. (Jossart Decl., ¶ 5.)

   f. Defendant's financial operations are based in Washington. (Jossart Decl., ¶ 4.)

24. Does 1 through 100, inclusive, are wholly fictitious. The FAC does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. The citizenship of these Doe defendants is to be disregarded for the purposes of determining diversity jurisdiction and, thus, cannot destroy the diversity of citizenship between the parties in this case. 28 U.S.C. § 1441(a); *Accord, Newcombe*, 157 F.3d at 690-91 (citing 28 U.S.C. § 1441(a). Furthermore, because the Doe defendants have not yet been served, they need not join or consent to Defendant's Notice of Removal. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join in the notice of removal), superseded by statute on other grounds in *Ethridge v. Harbor House Rest.*, 861 F.2d 1389 (9th Cir. 1988).

25. Accordingly, minimal diversity under CAFA exists between Plaintiff, a citizen of the state of California, and Defendant, a citizen of the state of Washington.

   3. <u>The Amount in Controversy Exceeds the Jurisdictional Minimum</u>

26. The amount in controversy is determined by evaluating the plaintiff's complaint and the record as a whole. *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Id.* It is not "proof of the amount the plaintiff will recover." *Id.* (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

27. Plaintiff's FAC is ambiguous as to the amount placed in controversy by her alleged claims, which means that Defendant is only required to demonstrate that the amount in controversy exceeds federal jurisdictional requirements by a "preponderance of the evidence." *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699, 701 (9th Cir. 2007). More

1  specifically, Plaintiff's FAC is silent as to the dollar amount of her claims, and only alleges that
2  there are actual damages that exclude damages related to personal injuries, emotional distress, or
3  wrongful death.  (Exhibit A, ¶ 13 [FAC].)  Accordingly, Defendant need only demonstrate that the
4  amount in controversy here exceeds $5,000,000 by a preponderance of the evidence.

5    28.    Although Defendant expressly denies any liability for the damages alleged in
6  Plaintiff's FAC, for purposes of determining whether the minimum amount in controversy has
7  been satisfied, the Court must look to the allegations of Plaintiff's FAC and presume that Plaintiff
8  will prevail on her claims.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.
9  2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir.
10  1994) (stating that the amount in controversy analysis "presumes plaintiff prevails on liability").
11  In other words, "[t]he amount in controversy is simply an estimate of the total amount in dispute,
12  not a prospective assessment of [Defendant's] liability."  *Lewis v. Verizon Comm., Inc.*, 627 F.3d
13  395, 400 (9th Cir. 2010); *see also Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D.
14  Cal. 2005).

15    29.    While Defendant denies Plaintiff's allegations of wrongdoing and denies her
16  requests for relief thereon, the facial allegations in Plaintiff's FAC and the total amount of
17  monetary relief at issue in this action is in excess of this Court's jurisdictional minimum as
18  follows:  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in
19  notice of removal, combined with Plaintiff's allegations, sufficient to support finding that
20  jurisdictional minimum satisfied.)

21    a.    Plaintiff asserts claims for herself and the putative class for: (1) Violation of
22  the California Consumers Legal Remedies Act (Cal. Civil Code § 1750 et seq.); (2) Unlawful and
23  Deceptive Business Practices (Cal. Bus. & Prof. Code § 17200 et seq.); and (3) Elder Financial
24  Abuse (Cal. Welf. & Inst. Code § 15610.30).  (Exhibit A [FAC].)

25    b.    Plaintiff purports to represent a class of "all similarly situated persons who
26  resided or reside at one of the California assisted living facilities owned and/or operated by Aegis
27  under the Aegis name from April 12, 2012 through the present . . . and who contracted with Aegis
28  for services for which Aegis was paid money."  (Exhibit A, ¶ 66 [FAC].)  Plaintiff claims that all

4837-0889-5028.2

8

DEFENDANT'S NOTICE OF REMOVAL

putative class members suffered the same damages based on Defendant's misrepresentations and material omissions as alleged in the FAC and set forth above in paragraph 36(a). (Exhibit A, ¶¶ 68 and 70 [FAC].).

        c.      If Plaintiff were to prevail on her cause of action for violations of the California Consumers Legal Remedies Act, she may recover economic damages, restitution, and attorneys' fees pursuant to California *Civil Code* section 1780. Additionally, were Plaintiff able to prevail on her California *Business and Professions Code* section 17200 claim, she can recover equitable remedies, such as restitution or injunctive relief. As for Plaintiff's elder abuse claims, if Plaintiff proves "by a preponderance of the evidence that a defendant is liable for financial abuse as defined in Section 15610.30," she may obtain compensatory damages, reasonable attorneys' fees and costs. *Negrete v. Allianz Life Ins. Co. of N. Am.* 927 F.Supp.2d 870, 891 (C.D. Cal. 2013).

        d.      <u>Economic Damages.</u>  In California, a defrauded party is ordinarily limited to recovering his out-of-pocket loss. *See Alliance Mortg. Co. v. Rothwell* (1995) 10 Cal.4th 1226. Plaintiff paid an initial move-in fee of $15,000 as well as additional monthly personal care fees. (Jossart Decl., ¶ 7.)

        e.      <u>Statutory Damages.</u>  Plaintiff seeks for herself and each putative class member statutory damages of not less than $1,000 pursuant to California *Civil Code* section 1780(a). She further seeks statutory damages in the amount of $5,000 pursuant to California *Civil Code* section 1780(b) for each putative class member who is a senior and/or disabled. Plaintiff alleges that she "and many other class members are seniors and/or disabled persons as defined by California Civil Code § 1761(f) and (g)." (Exhibit A, ¶ 94 [FAC].)  While the exact number of putative class members who are entitled to statutory damages in the amount of $5,000 is unknown, based on Plaintiff's representations in her FAC, we can assume that a majority, if not all, of the putative class will be entitled to these damages, if Plaintiff were to prevail. Therefore, the total amount in controversy based on Plaintiff's and the putative class members' statutory damages are $22,158,000.

        f.      <u>Treble Damages.</u>  Plaintiff seeks treble damages under California *Civil*

*Code* section 3345, which allows a judge to impose a fine or civil penalty up to three times greater than authorized by the relevant statute. (Exhibit A ¶ 95 [FAC].) If Plaintiff is successful on any of her claims, then the Court may triple the aforementioned statutory and economic damages.

        g.    <u>Attorneys' Fees.</u>  Additionally, Plaintiff's FAC seeks attorneys' fees. (Exhibit A, Prayer For Relief ¶ 5 [FAC]). Because attorneys' fees are recoverable under California *Civil Code* section 1780 and California *Welfare and Institutions Code* section 15657, they are to be considered for purposes of calculating the amount in controversy for removal purposes. *See Galt GIS v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (holding that attorneys' fees awarded pursuant to a state statute is to be considered in determining whether the requisite amount is met for diversity jurisdiction).

    30.    Accordingly, it is facially apparent from the FAC that Plaintiff's claims for damages and attorneys' fees exceed the $5,000,000 CAFA jurisdictional minimum of this Court, as required by 28 U.S.C. § 1332(d) and the $75,000 threshold required for federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). As a result, although Defendant denies Plaintiff's claims of wrongdoing and denies her requests for relief thereon, based upon the facial allegations of Plaintiff's FAC, the total amount of monetary relief sought by Plaintiff's claim greatly exceeds the required jurisdictional minimums.

    31.    Removal of this matter is therefore appropriate.

DATED: July 14, 2016        **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:    /s/ Jeffrey S. Ranen
       Jeffrey S. Ranen
       Attorneys for Defendant Aegis Senior
       Communities LLC