UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE NEWIRTH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AEGIS SENIOR COMMUNITIES LLC,<br><br>Defendant. | Case No. 16-cv-03991-JSW<br><br>**ORDER REGARDING PARTIES' RESPONSE RE WITHDRAWAL OF PLAINTIFF FEINBERG AND INSTRUCTIONS TO PARTIES**<br><br>Re: Dkt. No. 66 |

The Court has received the joint statement of the parties' respective positions regarding Plaintiff Barbara Feinberg's withdrawal as a class representative. The parties are scheduled to appear for a case management conference on November 17, 2017, and their joint case management conference statement is due on November 9, 2017.

Although Plaintiffs ask that the Court to defer approval of Ms. Feinberg's withdrawal, the Court finds no good cause to defer approval until the parties work out the disputes discussed below. In the Agreement and Release to Withdraw as Class Representative ("Agreement"), Ms. Feinberg agreed she would withdraw as a class representative within five (5) business days of the "Effective Date" of the Agreement, which was defined as "the last date set forth below." (*See* Docket No. 55, Declaration of Tom Laborde, ¶ 18, Ex. G (Agreement, ¶ 3).) Defendant signed the Agreement on December 13, 2016, and Ms. Feinberg signed the Agreement on December 19, 2016. Therefore, December 19, 2016 is the "Effective Date."

The Court will grant the parties until November 3, 2017 to submit a stipulation withdrawing Ms. Feinberg as a class representative. If the parties cannot agree on a form for this stipulation by that date, they file a notice to that effect by November 3, 2017. Upon receipt of that notice, the Court shall issue an Order that states: (1) Ms. Feinberg is deemed withdrawn as a class

representative; and (2) that nothing in the Order shall be construed to prevent Ms. Feinberg from participating as an absent class member, if the Court certifies a class; and (3) that nothing in the Order will preclude the remaining Plaintiffs from seeking to find a class representative to replace Ms. Feinberg and to amend their complaint accordingly.

According to the parties' joint statement, Plaintiffs asked Defendants to stipulate to an amended complaint including Goldie Minasian as an additional plaintiff. Defendants have refused to stipulate to that amendment. Plaintiffs have not stated whether they would seek leave to file a motion for leave to amend to include Ms. Minasian as a class representative. If Plaintiffs wish to proceed with Ms. Minasian, and Defendant will not stipulate, the parties shall propose a briefing schedule and a hearing date for a motion for leave to amend in their case management conference statement. If Plaintiffs do not intend to add Ms. Minasian as a class representative, they shall advise the Court of that fact in the joint case management conference statement, and the parties shall propose deadlines for amendments to pleadings, including deadlines to add parties.

Finally, the parties also suggest they may be at an impasse about whether or when Defendant should respond to Plaintiffs' "Pioneer discovery." The Court directs the parties to continue to meet and confer in an effort to resolve this impasse. If the parties have been unable to resolve their discovery dispute on this issue by November 3, 2017, they shall follow this Court's procedures for discovery disputes and shall file a joint letter brief outlining their positions by November 9, 2017.

**IT IS SO ORDERED.**

Dated: October 17, 2017

_____
JEFFREY S. WHITE
United States District Judge