UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUNE NEWIRTH, et al.,

    Plaintiffs,

v.

AEGIS SENIOR COMMUNITIES LLC,

    Defendant.

Case No. 16-cv-03991-JSW

**ORDER DENYING MOTION TO STAY PENDING APPEAL**

Re: Dkt. No. 71

Now before the Court for consideration is the motion to stay filed by Defendant Aegis Senior Communities LLC ("Defendant"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the Court VACATES the hearing currently set for December 8, 2017. For the reasons set forth below, the Court HEREBY DENIES Defendant's motion to stay.

## BACKGROUND

Defendant provides assisted living and memory care for senior citizens and persons with disabilities. (Dkt. No. 23, Second Amended Complaint ("SAC") ¶ 23.)[1] Plaintiffs are current or former residents of Defendant's facilities. Plaintiffs generally allege that Defendant has misrepresented the way in which it sets staffing levels and provides services to its residents. Defendant moved to compel arbitration in this action pursuant to an arbitration clause contained in its Residence and Care Agreement. On September 29, 2017, the Court denied this motion, finding

---

[1] The relevant factual allegations and procedural background of this action are set forth in detail in the Court's prior orders denying Defendant's motions to dismiss the SAC and to compel arbitration (Dkt. Nos. 51, 56) and are not repeated here except to provide context for Defendant's motion.

that Defendant had waived its right to arbitrate by engaging in conduct inconsistent with the assertion of that right. (Dkt. No. 65, Order Denying Motion to Compel Arbitration at 6-8.) On October 27, 2017, Defendant filed a timely notice of appeal along with a motion to stay these proceedings pending the outcome of that appeal. (Dkt. Nos. 70, 71.)

**ANALYSIS**

The Court considers the following four factors in determining whether to issue a stay a case pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (quoting *Niken v. Holder*, 556 U.S. 418, 434 (2009)). These factors are examined on a flexible "continuum," which is "essentially the same thing as the 'sliding scale' approach" applied to requests for preliminary injunctions. *Id.* at 964-66. Accordingly, "the elements . . . are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* at 964.

On the first factor, Defendant need not show that it is "more likely than not" that it will prevail on appeal. Rather, Defendant must show that it has a "substantial case for relief on the merits," which the Ninth Circuit has variously defined as a "reasonable probability," a "fair prospect," or that "serious legal questions are raised." *Id.* at 967-68. "A party meeting this lower threshold is not required to show that it is more likely than not to win on the merits, but must then demonstrate that the balance of hardships under the second and third factors tilts *sharply* in its favor." *Morse v. Servicemaster Global Holdings, Inc.*, No. 10-cv-0628-SI, 2013 WL 123610, at *2 (N.D. Cal. Jan. 8, 2013) (citations omitted).

As the Court noted in its prior order denying Defendant's motion to compel, while Defendant initially moved to compel arbitration after Plaintiffs filed a first amended complaint in this action, Defendant subsequently acted in a way inconsistent with assertion of a right to arbitrate. Most glaringly, Defendant filed a motion to dismiss the SAC, seeking to have Plaintiffs' claims dismissed *with prejudice*. *See Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016) (finding a party acts inconsistently with a right to arbitrate "when a party chooses to delay his right

to compel arbitration by actively litigating his case to take advantage of being in federal court"). Despite having chosen to attack the merits of Plaintiffs' claims in federal court (and taking other actions inconsistent with pursuing arbitration, as detailed by the Court in its prior order), Defendant nonetheless contends that its actions are consistent with its intent to pursue arbitration. Defendant's explanations, however, either are belied by the record, rely on statements made by Defendant's counsel after their motion to dismiss had been denied, or are otherwise wholly unpersuasive.[2] Accordingly, the Court finds this factor does not weigh in favor of a stay. Further, even if the Court were able to conclude that Defendant had raised "serious legal questions," the Court would find that the balance of hardships under the remaining factors do not tilt "sharply" in favor of a stay.

As to the second factor, the Court recognizes the risk of irreparable injury to Defendant should a stay not be granted. When a party is denied the opportunity to arbitrate and is required to incur the expense and delay of trial before being able to appeal, "the advantages of arbitration—speed and economy—are lost forever." *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984). The Ninth Circuit has found "this consequence 'serious, perhaps, irreparable.'" *Id.*; *see also Ali v. JP Morgan Chase Bank*, No. 13-cv-01184-JSW, 2014 WL 12691084, at *1 (N.D. Cal. Mar. 10, 2014) ("If the litigation proceeded to trial, and then the Ninth Circuit reversed this Court's order denying arbitration, then the benefits of arbitration would have been lost."). This risk is increased by the fact that this case is proceeding as a class action. *See, e.g.*, *Richards v. Ernst & Young LLP*, No. 08-cv-04988-RMW, 2012 WL 92738, at *3 (N.D. Cal. Jan. 11, 2012); *see also Smith v. Legal Helpers Debt Resolution, LLC*, No. 11-cv-5054-RJB, 2012 WL 12863172, at *2 (W.D. Wash. Apr. 24, 2012).

This risk of irreparable injury, however, is counterbalanced by the third factor—the risk of substantial injury to Plaintiffs if a stay is granted. Plaintiff Newirth is a senior citizen and, along

---

[2] For example, Defendant's argument that it did not seek an adjudication on the "merits" of Plaintiffs' claims but merely challenged the "sufficiency" of the SAC is frivolous. *See Martin*, 829 F.3d at 1126 n.4 ("The defendants' second contention—that this was not a merits ruling because they were seeking a ruling on the pleadings—is likewise wrong. When defendants move for dismissal with prejudice on a key merits issue that would preclude relief as to one or more of plaintiffs' claims, as they did here, they are seeking a ruling on the merits.").

with the Estate of Margaret Pierce, seeks to represent other individuals who reside, or resided, at one of Defendant's assisted living facilities. (SAC ¶¶ 14, 91.) There is a legal maxim that reads "justice delayed is justice denied." *See, e.g.*, *Martel v. County of Los Angeles*, 56 F.3d 993, 1003 (9th Cir. 1995) (Kleinfeld, J., dissenting). This is the case for Plaintiffs and the proposed class. Given the nature of the proposed class, staying this case would create a significant risk that Plaintiffs, putative class members, or other percipient witnesses could either pass away or have their memories deteriorate. Such an outcome would either frustrate Plaintiffs' ability to litigate this action or, more fundamentally, deny them the opportunity to see their claims adjudicated.

Finally, the Court finds that the public interest is in equipoise. On one hand, courts have "found that the federal policy favoring arbitration embodied in the FAA and the economical use of judicial resources lead the public interest to favor a stay, even when other interests are at play." *Antonelli v. Finish Line, Inc.*, No.11-cv-3874-EJD, 2012 WL 2499930, at *3 (N.D. Cal. June 27, 2012). On the other hand, Plaintiffs in this action allege that Defendant misrepresented the way it provides care services to individuals residing in assisted living facilities. California has a strong public policy in ensuring that such claims brought by vulnerable populations are adjudicated and that persons do not take advantage of such populations. *Cf. Covillo v. Specialty's Cafe*, No. 11-cv-0594-DMR, 2012 WL 4953085, at *5 (N.D. Cal. Oct. 17, 2012) ("[T]he existence of a federal public policy does not necessarily mean that a stay is always in the public interest, particularly given California's own public policy interests in enforcing worker protections."); *see also Ferguson v. Corinthian Colleges*, No. 11-cv-0127-DOC, 2012 WL 27622, at *5 (C.D. Cal. Jan. 5, 2012) ("[J]ust because a strong federal policy exists favoring arbitration does not mean that all claims must be compelled to arbitration. Each claim must be analyzed on an individual basis. Allowing the blanket federal policy to force a stay pending appeal whenever arbitrability is at issue would force the four-factor test to collapse into a single factor that would always favor staying proceedings pending appeal in the hope they would be sent to arbitration.").

Given Defendant's low likelihood of success on the merits and the relative balance of the remaining factors, the Court concludes that a stay of this action pending Defendant's appeal is unwarranted.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to stay pending appeal is DENIED.

**IT IS SO ORDERED.**

Dated: November 21, 2017

_____
JEFFREY S. WHITE
United States District Judge