UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JUNE NEWIRTH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AEGIS SENIOR COMMUNITIES LLC,<br><br>    Defendant. | Case No. 16-cv-03991-JSW   (RMI)<br><br>**ORDER RE: DISCOVERY DISPUTE**<br>Re: Dkt. No. 182 |

Now pending before the court is a discovery dispute presented in a jointly filed letter brief (dkt. 182) through which Defendants request that the court delay the further depositions of Plaintiffs' expert witnesses, Cristina Flores and Dale Schroyer, as well as the inspection of a Discrete Event Simulation software program called MedModel, until August of this year due to the in-person and travel-related restrictions caused by the current global pandemic. Plaintiffs on the other hand assert that no delay is necessary as the depositions and inspection can continue by remote means.

Federal Rule of Civil Procedure 30(b)(4) allows for the taking of depositions by remote means on stipulation of the parties, or by order of the court, and "[t]his court has repeatedly observed that remote videoconference depositions conducted through software like Skype tend to be [] effective and efficient." *Lopez v. CIT Bank, N.A.*, No. 15-cv-00759-BLF-HRL, 2015 WL 10374104, 2015 U.S. Dist. LEXIS 176575 at *5 (N.D. Cal. 2015). Defendants argue that this case is unique and "[r]emote video depositions are not feasible or reasonable because these particular depositions will involve many large and complicated documents and files and complex issues that cannot be accommodated through the available technology." Letter Brief (dkt. 182) at 2.

Defendants go on to detail the various technical difficulties they may encounter with remote depositions including potential impracticalities in accessing and displaying certain types of exhibits. *Id*. These same arguments have been previously presented, and rejected, in this district. *See Lopez*, 2015 U.S. Dist. LEXIS 176575 at *5 ("Defendants' counsel has argued that technical problems might make remote depositions ineffective . . . but the court rejects that argument as speculative," and "Defendants also argue that reviewing several complicated exhibits remotely would be impracticable . . . The court disagrees."). While Defendants may claim that their concerns are not speculative as they have reviewed a proposed video deposition platform and found it to be inadequate, Plaintiffs believe the depositions can move forward remotely.

This is not the first complex action with copious amounts of data stored on various platforms and in various formats to become the subject of a discovery dispute in this court; and, if the court found that, in 2015, the state of the relevant technology was such as to make remote videoconference depositions both effective and efficient, then *a fortiori*, this is certainly the case in 2020. While the court is sympathetic to the challenges facing the legal community during this pandemic – not unlike the rest of society, attorneys and litigants are adapting to new ways to practice law, including preparing for and conducting depositions remotely. *See e.g.*, *Grano v. Sodexo Mgmt.*, No. 18cv1818-GPC-BLM, 2020 U.S. Dist. LEXIS 72862, 2020 WL 1975057, at *3 & n.5 (S.D. Cal. Apr. 24, 2020) (collecting cases). In short, the court is not convinced that voluminous and highly detailed or otherwise complex exhibits are a bar to remote videoconference depositions. *See United States ex rel. Chen v. K.O.O. Constr., Inc.*, No. 19cv1535-JAH-LL, 2020 U.S. Dist. LEXIS 81866, at *4 (S.D. Cal. May 8, 2020); *see also Kaseberg v. Conaco, LLC*, No. 15cv01637-JLS-DHB, 2016 U.S. Dist. LEXIS 111767, 2016 WL 8729927 at *6 (S.D. Cal. Aug. 19, 2016) (requiring a copy of exhibits intended to be used at a remote deposition to be sent to deponent's attorney at least twenty-four hours in advance of the deposition); *Carrico v. Samsung Elecs. Co., Ltd.*, No. 15-CV-02087-DMR, 2016 U.S. Dist. LEXIS 44841, 2016 WL 1265854, at *2 (N.D. Cal. Apr. 1, 2016) (approving methods such as exchanging Bates-stamped documents in advance of a remote deposition or using modern videoconference software to share documents and images); *Lott v. United States*, No. C-07-3530 PJH (EMC), 2008 U.S. Dist. LEXIS 111176, 2008

1  WL 2923437, at *1 (N.D. Cal. July 25, 2008) (finding no prejudice incurred in remote depositions
2  that require reference to critical exhibits such as photographs, diagrams, and drawings because the
3  exhibits may be sent to the deponent in advance of the deposition).

4      Instead, the court finds the notion that the depositions would be allowed to proceed in-
5  person in August to be speculative. The court would note that General Order 72-3 prohibits any in-
6  person civil matters at the courthouse through September of this year, while those rules do not
7  govern where a deposition may take place, the rules are indicative of the fact that it is possible that
8  the landscape regarding in-person activities incident to civil litigation may not change much
9  between now and August. Thus, the court finds it prudent to grant Plaintiffs' request to proceed
10 with the depositions remotely. If, upon completion, Defendants believe they have a basis for a
11 request for additional time for the depositions, they may present that request when it ripens and
12 after meeting and conferring with Plaintiffs.

13     Accordingly, for the reasons stated above, Plaintiffs' request to have the depositions of the
14 expert witnesses, Cristina Flores and Dale Schroyer, and the inspection of MedModel, conducted
15 remotely is **GRANTED,** and Defendants' request to delay the depositions until August of 2020 is
16 **DENIED**.

17     **IT IS SO ORDERED.**

18 Dated: May 27, 2020

ROBERT M. ILLMAN
United States Magistrate Judge