# EXHIBIT C

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*The United States District Court, Northern District of California has authorized this Notice. It is not a solicitation from a lawyer.*

Did you (in this notice, the terms "you", "your", "yourself" mean you and the person, if any, to whom you are the legal successor) reside at one of the Aegis Living branded assisted living facilities owned and/or operated by Aegis Senior Communities, LLC, dba Aegis Living ("Aegis")

**(1)** in California at any time between April 12, 2012 through and including October 30, 2020, or

**(2)** in Washington at any time between March 8, 2014 through and including October 30, 2020?

If so, please read this notice very carefully and in its entirety. Your rights are probably affected by a class settlement of a lawsuit because you may be a member of the settlement class. If you are a member of the settlement class, you must decide whether to:

1) include yourself in the settlement class and seek money from the class settlement but give up your right to sue in a different case about the same subject matter. If you choose this option, you do not need to do anything, as you will automatically be included in the settlement class;

2) include yourself in the settlement class and seek money from the class settlement, give up your right to sue in a different case about the same subject matter, but object to the terms of the settlement. If you choose this option, you do not need to do anything in order to be included in the settlement class, as you will automatically be included in the settlement class. However, if you want to object to the terms of the settlement, you or your own counsel will need to prepare and submit a written objection; or

3) exclude yourself from the settlement class and give up your right to seek money from the class settlement but keep your right to sue in a different case about the same subject matter. If you choose this option, you will need to prepare and submit a written request to be excluded from the settlement class.

**NOTICE OF PENDENCY OF A PROPOSED CLASS ACTION LAWSUIT:** Please be advised that your rights may be affected by a lawsuit entitled *June Newirth, by and through her Guardian ad Litem, Frederick J. Newirth; Barbara Feinberg; and Elizabeth Barber, Andrew Bardin, and Thomas Bardin as successors-in-interest to the Estate of Margaret Pierce; on their own behalves and on behalf of others similarly situated vs. Aegis Senior*

*Communities, LLC, dba Aegis Living; and Does 1 – 100* (case number 4:16-cv-03991-JSW), pending in the United States District Court, Northern District of California – Oakland and a lawsuit entitled *Carol M. Morrison, et al. v. Aegis Senior Communities, LLC, dba Aegis Living* (case no. 18-2-06326-4-SEA), pending in Washington state court (collectively "lawsuit"), if you resided at one of the Aegis Living branded assisted living facilities (1) in California at any time between April 12, 2012 through and including October 30, 2020, or (2) in Washington at any time between March 8, 2014 through and including October 30, 2020.

**NOTICE OF SETTLEMENT:** Please be advised that named plaintiffs June Newirth, by and through her Guardian ad Litem, Frederick J. Newirth; Elizabeth Barber, Andrew Bardin, and Thomas Bardin as successors-in-interest to the Estate of Margaret Pierce; and Carol M. Morrison by Stacy A. Van Vleck as Attorney-in-Fact ("Plaintiffs" or "Class Representatives"), on behalf of themselves and all of the other Settlement Class Members (as defined below), have reached a proposed settlement with Aegis on the terms and conditions set forth in the Stipulation of Settlement entered into by and between Plaintiffs and Aegis.  The Court in charge of this lawsuit still has to decide whether to approve the settlement.  A settlement fund will be available for distribution to the Settlement Class, and an Injunction will become effective, only if the settlement is approved by the Court and the approval is upheld following any appeals.

The following provides a detailed description about the proposed class settlement and the rights you have if you are a Settlement Class Member, the benefits available under the settlement and how you can get the benefits, including the relevant deadlines and requirements.

## BASIC INFORMATION

| **WHAT IS THIS LAWSUIT ABOUT?** |
|---|
| Plaintiffs bring this proposed class action on behalf of residents of Aegis Living branded assisted living communities owned or operated by Aegis in California and Washington, alleging that Aegis made misleading statements and/or omissions about how resident evaluations would be used to determine, set and monitor staffing levels at Aegis's assisted living facilities in California and Washington, which Plaintiffs allege resulted in monetary damages to residents.<br><br>Aegis denies all allegations and claims in the lawsuit and denies that it committed any wrongdoing.  This settlement is not an admission of any wrongdoing by Aegis.<br><br>The Parties have agreed to settle the lawsuit on the terms and conditions explained in this notice. |
| **WHY IS THIS A CLASS ACTION?** |
| In a class action, one or more people called class representatives (in this case, the Named Plaintiffs listed above) sue on behalf of people who they believe have similar claims.  If the |

| |
|---|
| court decides that the case should proceed as a class action, all of these people are called a Class or Class Members and one court resolves the issues for all Class Members, except for those who choose to exclude themselves from the Class.<br><br>The Plaintiffs and Aegis disputed whether this case should proceed as a class action. The court has not decided whether this case should proceed as a class action.<br><br>Judge Jeffrey S. White of the United States District Court, Northern District of California – Oakland, is in charge of this proposed class action. |
| **WHY IS THERE A SETTLEMENT?** |
| The Court also has not decided the merits of this case in favor of Plaintiffs or Aegis. Instead, both sides agreed to a settlement. That way, they avoid the cost, uncertainty, and distraction of further litigation and a potential trial. The Class Representatives and their attorneys think the settlement is in the best interest of the Settlement Class Members taking into account the benefits of the proposed settlement, the risks of continued litigation, and the delay in obtaining relief for the Class if the lawsuit continues. |

| |
|---|
| **WHO IS IN THE SETTLEMENT CLASS?** |
| You are a Settlement Class Member if you resided at one of the Aegis Living branded assisted living facilities (1) in California at any time between April 12, 2012 through and including October 30, 2020, or (2) in Washington at any time between March 8, 2014 through and including October 30, 2020 (collectively, the "Settlement Class Period"), including without limitation the following communities: Aegis Gardens (Fremont), Aegis of Aptos, Aegis of Carmichael, Aegis of Corte Madera, Aegis of Dana Point, Aegis of Fremont, Aegis of Granada Hills, Aegis of Laguna Niguel, Aegis of Moraga, Aegis of Napa, Aegis of Pleasant Hill, Aegis of San Francisco, Aegis of San Rafael*, Aegis of Shadowridge (Oceanside), Aegis of Ventura, Aegis Gardens (Newcastle), Aegis Lodge (Kirkland), Aegis of Bellevue, Callahan House (Shoreline), Aegis of Issaquah, Aegis of Kent, Aegis of Kirkland, Aegis of Lynnwood, Aegis of Madison (Seattle), Aegis of Marymoor (Redmond), Aegis of Mercer Island, Queen Anne on Galer, Queen Anne Rodgers Park, Aegis of Ravenna (Seattle), Aegis of Redmond, Aegis of Shoreline, Aegis of West Seattle, Aegis of Bothell, Aegis of Edmonds, and Aegis at Northgate**.<br><br>*With respect to Aegis of San Rafael, the Settlement Class includes only persons who resided at the Aegis of San Rafael facility between April 12, 2012 through and including March 31, 2016.<br><br>**With respect to Aegis of Bothell, Aegis of Edmonds, and Aegis at Northgate, the Settlement Class includes only persons who resided at those facilities between March 8, 2014 through and including September 30, 2015.<br><br>To be eligible for benefits under the settlement, you must be a Settlement Class Member or a legal successor to a deceased Settlement Class Member. |

**THE SETTLEMENT BENEFITS**

| |
|---|
| **CASH PAYMENTS AND INJUNCTIVE RELIEF** |
| Under the terms of the settlement, Aegis has agreed to provide a total settlement fund of $16.25 million (the "Fund") in full settlement of the claims of the Settlement Class.  The Fund will be used to pay for class notice and payment distribution administration expenses (not to exceed $105,000), as well as Class Counsel's attorneys' fees not to exceed $6.35 million, Class Counsel's litigation expenses not to exceed $1,300,000, and service awards not to exceed $15,000 to each Class Representative.<br><br>The remaining amount (the "Net Settlement Fund") will be used to make cash payments to Settlement Class Members (or if a Settlement Class Member is deceased, to their legal successor).  Settlement Class Members who paid a net $0 to $499 in Community Fees shall be entitled to a Settlement Award of $50.<br><br>Depending on the amounts the Court awards for the Class Counsel's attorneys' fees and costs, the estimated cash payment for each Settlement Class Member who paid a net $500 or more is estimated to be approximately 14-15% ("Settlement Payment Percentage" or "SPP") of the amount of the Community Fee paid during the Settlement Class Period. By way of illustration only, if a Settlement Class Member paid a net Community Fee of $10,000, their estimated settlement payment is approximately $1,400 to $1,500.<br><br>Settlement Class Members who paid Community Fees before November 2010 (and thus specific payment amounts are unavailable) shall each be entitled to a Settlement Award that will be calculated by applying the corresponding Settlement Payment Percentage to the average amount of the net Community Fee paid by Settlement Class Members in 2011, adjusted for the percentage of Settlement Class Members who paid Community Fees.<br><br>The settlement distribution process will be administered by an independent settlement administrator (the "Settlement Administrator") approved by the Court.  **The settlement amount and Net Settlement Fund are contingent on final approval by the Court.**<br><br>In addition, as part of the settlement Aegis has agreed to an Injunction, which is subject to Court approval, in which, among other things, Aegis is to ensure that its caregiver staffing levels are sufficient to provide residents with the care services set forth in their service plans.  While Aegis believes it has always done and will continue to do this, irrespective of an Injunction, the Injunction provides a verification mechanism.  The Injunction will remain in place for three years.  The full terms of the Injunction are available on the Settlement Website at **[web address]**, or at the public court records on file in this lawsuit. |
| **AMOUNT OF CASH PAYMENT** |
| The actual cash payment amounts to Settlement Class Members will be determined by the Settlement Administrator based on the formula described in the Stipulation of Settlement and |

| | |
|---|---|
| | may be increased if funds are available.  Subject to Court approval, the Administrator will reserve $25,000 from the Fund to pay claims that are submitted late.  Any amounts left in the Fund and not paid from the reserve or from uncashed checks, if any, will be paid to Groceries for Seniors or other non-profit organization(s) approved by the Court. |
| | **HOW CAN I GET A CASH PAYMENT?** |
| | If you are a Settlement Class Member and the address above is correct, **you do not need to take any action.**  Your cash payment will be mailed to you if the settlement is approved by the Court and becomes effective.  If your address has changed, you must provide your new address to the Settlement Administrator.  If a Settlement Class Member is deceased, his or her legal successor must submit a payment request and supporting documentation to the Settlement Administrator.  To contact the Settlement Administrator, visit **[insert website]** or call **[insert]**. |
| | **WHEN WILL I RECEIVED MY SETTLEMENT AWARD?** |
| | The Court will hold a final approval hearing on **[date]** at **[time]** before the Honorable Jeffrey S. White, Courtroom 5, United States District Court, Northern District of California – Oakland, 1301 Clay Street, Oakland, California 94612, to decide whether to approve the settlement.  **The date, time, or place of the final approval hearing may be changed by the Court without notice to the Settlement Class, and you should check the Settlement Website at [insert web address] or the public court records on file in this lawsuit for any updates.**  If the Court approves the settlement, there may be appeals, which could extend the process by several months or more. |
| | **IN RETURN FOR THESE SETTLEMENT BENEFITS, WHAT AM I GIVING UP?** |
| | If the Court approves the proposed settlement and you do not request to be excluded from the Settlement Class, you must release (meaning, give up) all legal claims concerning Aegis's alleged misrepresentations and/or nondisclosures with respect to whether or how resident assessments are used to set, determine, or monitor staffing levels in Aegis's assisted living facilities in California or Washington. The release includes any claim for losses, damages, Community Fees, care services fees, rent, entrance fees, transfer fees or other fees charged to or paid at any time during the Class Period by or on behalf of a Settlement Class Member based on the allegations stated in the lawsuit.  **This includes any other lawsuit or proceeding already in progress.** The Release does not include claims solely for personal injury, wrongful death, bodily harm, or emotional distress resulting from personal injury, wrongful death, or bodily harm.<br><br>The judgment and orders entered in this case, whether favorable or unfavorable, will bind all Settlement Class Members who do not request to be excluded.  The full terms of the Release are contained in the Stipulation of Settlement that is available on the Settlement Website at **[web address]**, or at the public court records on file in this lawsuit. |

**THE LAWYERS REPRESENTING YOU**

| |
|---|
| **DO I HAVE A LAWYER IN THIS CASE?** |
| All Settlement Class Members are represented by Plaintiffs' Counsel, who have been preliminarily approved by the Court to serve as Class Counsel representing the Settlement Class for purposes of the settlement.  If you want to be represented by your own lawyer, you may hire one at your own expense and enter an appearance through your own counsel. |
| **HOW WILL THE LAWYERS BE PAID?** |
| Class Counsel will ask the Court to award their attorneys' fees not to exceed $6.35 million and their litigation expenses not to exceed $1,300,000.  The actual award of attorneys' fees and litigation expenses to Class Counsel will be decided by the Court upon consideration of all relevant factors, including what is fair, reasonable and consistent with prevailing marketplace standards. The amount of attorneys' fees and costs awarded by the Court to Class Counsel will be paid from the Fund. |

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Aegis on your own about the legal issues in this case, then you must take steps to be excluded from the settlement.  This is called excluding your self – or is sometimes referred to as opting out of the Settlement Class.

| |
|---|
| **HOW DO I GET OUT OF THE SETTLEMENT?** |
| If you do not wish to be included in the Settlement Class and receive a cash payment, you must send a letter stating that you want to be excluded from the Settlement Class in *June Newirth, et al. v. Aegis Senior Communities, LLC, dba Aegis Living*, case no. 4:16-cv-03991-JSW (United States District Court, Northern District of California – Oakland).<br><br>Be sure to include your name, your current address and telephone number, your signature (or that of the legal representative, along with the representative's name, current address, and telephone number), and a statement that you wish to be excluded from the Settlement Class.<br><br>You must mail your letter requesting exclusion by first class United States mail postmarked no later than **[date]** to: **[insert Administrator address]**<br><br>You cannot exclude yourself via telephone, fax, or email. |
| **WHAT HAPPENS IF I EXCLUDE MYSELF FROM THE SETTLEMENT?** |
| If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  However, you will not be legally bound by anything that happens in this lawsuit and you will keep your right to separately pursue claims against Aegis relating to the subject matter of this lawsuit. |
| **IF I DON'T EXCLUDE MYSELF, CAN I SUE DEFENDANTS FOR THE SAME THING LATER?** |

4835-2693-9873.1

| |
|---|
| No.  Unless you exclude yourself, you give up the right to sue Aegis for the claims that this settlement resolves.  You must exclude yourself from *this* case and the Settlement Class to pursue your own lawsuit.  Remember, your letter requesting exclusion must be postmarked on or before **[date]**. |
| **IF I EXCLUDE MYSELF, CAN I GET MONEY FROM THIS SETTLEMENT?** |
| No.  If you exclude yourself, you will not receive any money from the settlement.  But, you will not lose any right you may have to sue (or continue to sue) in a different lawsuit against Aegis about the legal issues or claims in this case.  If you choose to initiate a new lawsuit, your claim will be subject to time limitations. |

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not like the settlement or some part of it.

| |
|---|
| **HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?** |
| If you are a Settlement Class Member (or a legal representative of such person), you can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.<br><br>Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.<br><br>All written objections and supporting papers must (a) clearly identify the case name and number (*June Newirth, et al. v. Aegis Senior Communities, LLC, dba Aegis Living*, case no. 4:16-cv-03991-JSW), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California – Oakland, 1301 Clay Street, Oakland, California 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before _____ . |
| **WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?** |
| Objecting is telling the Court that you do not like something about the settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class or the lawsuit.  You cannot request exclusion **and** object to the settlement.  If you exclude yourself, you have no basis to object because the lawsuit and settlement no longer affect you. |

**COMMUNICATIONS BY A SETTLEMENT CLASS MEMBER'S LEGAL REPRESENTATIVE OR SUCCESSOR-IN-INTEREST**

| |
|---|
| **WHAT SUPPORTING DOCUMENTATION SHALL A SETTLEMENT CLASS MEMBER'S LEGAL REPRESENTATIVE OR SUCCESSOR-IN-INTEREST PROVIDE?** |
| Any communication submitted by a legal representative of a Settlement Class Member or a successor-in-interest of a deceased Settlement Class Member shall include supporting documentation.<br><br>The supporting documentation for a legal representative of a Settlement Class Member shall include a copy of the proper Power of Attorney or Court approved Guardianship/Conservator documents for the Settlement Class Member, as well as government issued identification for the legal representative.<br><br>The supporting documentation for a successor-in-interest of a deceased Settlement Class Member shall include the Death Certificate for the deceased Settlement Class, as well as government issued identification for the successor(s)-in-interest and a sworn statement that the successor(s)-in-interest are the sole successors and have the authority to release the Released Claims. |

**THE FINAL APPROVAL HEARING**

The Court will hold a Final Approval Hearing to decide whether to approve the settlement.  You may attend, and you may ask to speak at the hearing, but you are not required to do either.

| |
|---|
| **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?** |
| The Court will hold a Final Approval Hearing at **[time]** and **[date]** before the Honorable Jeffrey S. White, Courtroom 5, United States District Court, Northern District of California – Oakland, 1301 Clay Street, Oakland, California 94612.  **The hearing date or time may be changed by the Court without notice to the Settlement Class, and you should check the Settlement Website at [web address] or the public court records on file in this lawsuit at https://ecf.cand.uscourts.gov for any updates.**  At the Final Approval Hearing, the Court will consider whether the settlement is fair, reasonable and adequate.  The Court will also consider how much to award Class Counsel as reasonable attorneys' fees and litigation expenses.  We do not know how long this decision will take. |
| **DO I HAVE TO COME TO THE HEARING?** |
| No.  Class Counsel will answer any questions the Court may have.  But you are welcome to come to the hearing at your own expense.  If you submit an objection, you do not have to attend the hearing.  As long as you filed and delivered your written objection on time, signed it |

4835-2693-9873.1

| |
|---|
| and provided all of the required information, the Court will consider it.  You may also pay your own lawyer to attend the hearing, but it is not necessary. |
| **MAY I SPEAK AT THE HEARING?** |
| In its discretion, the Court may or may not allow Settlement Class Members to speak at the hearing.  You cannot speak at the hearing if you exclude yourself from the Settlement Class. |

## IF YOU DO NOTHING

| |
|---|
| **WHAT HAPPENS IF I DO NOTHING AT ALL?** |
| If you do nothing, you will be part of the Settlement Class.  You will receive a cash payment from the settlement and you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Aegis about the claims and issues in this case. |

## GETTING MORE INFORMATION

| |
|---|
| **ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?** |
| This notice summarizes the proposed settlement.  The Stipulation of Settlement contains the complete and precise terms and conditions of the parties' agreement.  You can get a copy at **[Settlement Website]**, by contacting class counsel at Stebner and Associates at (415) 362-9800, or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California – Oakland, 1301 Clay Street, Oakland, California 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays..<br><br>If you have additional questions, you may call the Settlement Administrator at **[insert]**.<br><br>PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS. |
| |
| **DO NOT CONTACT THE COURT OR COURT CLERK'S OFFICE REGARDING THIS NOTICE.** |
| |
| **By order of the Honorable Jeffrey S. White, United States District Court, Northern District of California – Oakland.**<br>DATED: _____        [/s/ The Honorable Jeffrey S. White]<br>                                                                                        Judge of the United States District Court<br>                                                                                        Northern District of California – Oakland |

# LEGAL NOTICE

**If you resided at one of the Aegis Living branded assisted living facilities
(1) in California at any time between April 12, 2012 through and including October 30, 2020, or
(2) in Washington at any time between March 8, 2014 through and including October 30, 2020,
you are a potential Settlement Class Member and could be entitled to benefits under a class action settlement.**

## WHAT IS THIS LAWSUIT ABOUT?

A proposed settlement of a class action entitled *June Newirth, et al. v. Aegis Senior Communities, LLC, dba Aegis Living*, and *Carol M. Morrison et al. v. Aegis Senior Communities, LLC, dba Aegis Living*, has been reached in the United States District Court, Northern District of California – Oakland (case number 16-cv-03991-JSW).

Plaintiffs allege that Aegis made misleading statements and/or omissions about how resident evaluations would be used to determine, set and monitor staffing levels at Aegis's assisted living facilities in California and Washington, which Plaintiffs allege resulted in monetary damages to residents. Aegis denies all allegations and claims in the lawsuit and denies that it committed any wrongdoing. This settlement is not an admission of any wrongdoing by Aegis.

## WHAT DOES THE SETTLEMENT PROVIDE?

If the Court approves the proposed settlement and you do not request to be excluded from the settlement class, the cash payment for each Settlement Class Member who paid a net Community Fee of $500 or more is estimated to be approximately 14-15% of the amount of the net Community Fee paid, depending on the amounts the Court awards for attorneys' fees and costs. Settlement Class Members who paid a net $0 to $499 in Community Fees shall receive $50. Settlement Class Members for whom payment information is unavailable shall each be entitled to a Settlement Award in an amount to be calculated as set forth in the Settlement Stipulation and approved by the Court. To be eligible for benefits under the settlement, you must be a Settlement Class Member or a legal successor of a deceased Settlement Class Member.

## WHAT ARE MY RIGHTS AND OPTIONS?

If you are a Settlement Class Member, you may include yourself in the settlement class and seek money from the class settlement but give up your right to sue in a different case about the same subject matter. If you choose this option, you do not need to do anything, as you will automatically be included in the settlement class. Alternatively, you can include yourself in the settlement class and seek money from the class settlement, give up your right to sue in a different case about the same subject matter, but object to the terms of the settlement by submitting a written objection. Your third option is to exclude yourself from the settlement class and give up your right to seek money from the class settlement but keep your right to sue in a different case about the same subject matter. You will need to prepare and submit a timely written request to be excluded from the settlement class. Please visit **[settlement website]** for instructions on how to submit a written objection to the settlement or a request for exclusion. Written objections and exclusion requests must be submitted no later than **[date].**

## FAIRNESS HEARING

The Court will hold a Final Approval Hearing on **[date]** at **[time],** to decide whether to approve the settlement before the Honorable Jeffrey S. White, Courtroom 5, United States District Court, Northern District of California – Oakland, 1301 Clay Street, Oakland, California 94612. The Court will also decide Plaintiffs' request for attorneys' fees (not to exceed $6.35 million) and litigation costs (not to exceed $1,300,000). The date, time, or place may be changed by the Court without notice to the settlement class, so please check for updates on the Settlement Website at **[settlement website]. You do not need to attend the hearing but may do so at your own expense.**

## OBTAIN MORE INFORMATION

More information about the lawsuit and settlement can be found at **[settlement website],** by calling the number below, or by reviewing online court records at https://ecf.cand.uscourts.gov.

**[settlement website]
1-888-XXX-XXXX**

4827-0808-4702.1