UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE NEWIRTH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AEGIS SENIOR COMMUNITIES LLC,<br><br>    Defendant. | Case No. 16-cv-03991-JSW<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SETTING FINAL FAIRNESS HEARING**<br><br>Re: Dkt. No. 201 |

This matter comes before the Court upon consideration of the motion for preliminary approval of a class action settlement filed by Plaintiffs June Newirth, by and through her successor-in-interest Kathi Troy; Elizabeth Barber, Andrew Bardin, and Thomas Bardin as successors-in-interest to the Estate of Margaret Pierce; and Carol M. Morrison by Stacy A. Van Vleck as Attorney-in-Fact (collectively, "Plaintiffs"). The Court has considered the parties' papers, including the parties' joint supplemental brief filed on May 3, 2021, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for May 7, 2021, and for the reasons that follow it GRANTS the motion.

Plaintiffs, on their own behalf and on behalf of others similarly situated, and Defendant Aegis Senior Communities, LLC, dba Aegis Living ("Defendant") have entered into a Stipulation of Settlement and an amendment to that stipulation (collectively the "Settlement Stipulation"), dated January 15, 2021 and March 22 and 23, 2021, respectively, to resolve this case and an action pending in King County Superior Court in Washington, *Carol M. Morrison, et al. v. Aegis Senior Communities, LLC, dba Aegis Living*, case no. 18-2-06326-4-SEA ("Washington Action").

The parties have agreed to settle the California Action and the Washington Action (together, "Actions") upon the terms and conditions set forth in the Settlement Stipulation. (Dkt. No. 201-3.) The definitions in the Settlement Stipulation are hereby incorporated as though fully set forth in this Order. This Court has jurisdiction over the subject matter and Parties to the Actions pursuant to 28 U.S.C. § 1332(d)(2), 28 U.S.C. § 1453, and 28 U.S.C. § 1367.

The proposed Settlement Class consists of the following subclasses:

(a) All persons who resided at one of the Aegis Living branded California assisted living facilities at any time between April 12, 2012, through and including October 30, 2020 (the "California Class Period") that were owned or managed by Defendant or in which Defendant was identified as a licensee by California's Department of Social Services, including without limitation the following communities: Aegis Gardens (Fremont), Aegis of Aptos, Aegis of Carmichael, Aegis of Corte Madera, Aegis of Dana Point, Aegis of Fremont, Aegis of Granada Hills, Aegis of Laguna Niguel, Aegis of Moraga, Aegis of Napa, Aegis of Pleasant Hill, Aegis of San Francisco, Aegis of San Rafael, Aegis of Shadowridge (Oceanside), and Aegis of Ventura ("California Subclass")[1]; and

(b) All Persons who resided at one of the Aegis Living branded Washington assisted living facilities at any time between March 8, 2014, through and including October 30, 2020 (the "Washington Class Period") that were owned or managed by Defendant or in which Defendant was identified as a licensee by Washington's Department of Social and Health Services, including without limitation the following communities: Aegis Gardens (Newcastle), Aegis Lodge (Kirkland), Aegis of Bellevue, Callahan House (Shoreline), Aegis of Issaquah, Aegis of Kent, Aegis of Kirkland, Aegis of Lynnwood, Aegis of Madison (Seattle), Aegis of Marymoor (Redmond), Aegis of Mercer Island, Queen Anne on Galer, Queen Anne Rodgers Park, Aegis of Ravenna (Seattle), Aegis of Redmond, Aegis of Shoreline, Aegis of West Seattle, Aegis of Bothell, Aegis of Edmonds, and Aegis of Northgate ("Washington Subclass")[2].

The following are excluded from the Settlement Class: (i) Defendants and their officers, directors and employees; (ii) any Settlement Class Member (or their legal successors) who submits a valid and timely Request for Exclusion; and (iii) the Judges to whom this Action and the Other

---

[1] With respect to Aegis of San Rafael, the Settlement Class includes only persons who resided at the Aegis of San Rafael facility between April 12, 2012 through and including March 31, 2016.

[2] With respect to Aegis of Bothell, Aegis of Edmonds, and Aegis of Northgate, the Settlement Class includes only persons who resided at those facilities between March 8, 2014 through and including September 30, 2015.

Actions are assigned and any members of their immediate families.

The proposed Class Representatives are Plaintiffs Kathi Troy as successor-in-interest to the Estate of June Newirth; Elizabeth Barber, Andrew Bardin, and Thomas Bardin as successors-in-interest to the Estate of Margaret Pierce; and Carol M. Morrison by Stacy A. Van Vleck as Attorney-in-Fact.

The proposed Class Counsel are: Kathryn Stebner of Stebner & Associates; Christopher Healey of Dentons US LLP; Guy Wallace of Schneider Wallace Cottrell Konecky LLP; Robert Arns of The Arns Law Firm; Michael D. Thamer of the Law Offices of Michael D. Thamer; Megan Yarnall of Janssen Malloy LLP; David Marks of Marks, Balette, Giessel & Young, P.L.L.C.; Dan Drachler of Zwerling, Schachter & Zwerling, LLP; Leah Snyder of Ember Law, P.L.L.C.; and Kirsten Fish of Needham Kepner & Fish LLP.

The Court makes the following findings for purposes of preliminary settlement approval only:

The Settlement Stipulation, including all exhibits thereto as expressly modified by this Order, is preliminarily approved as fair, reasonable, and adequate. The Plaintiffs, by and through their counsel, have investigated the facts and law related to the matters alleged in the Actions, have engaged in extensive motion practice, and have evaluated the risks associated with continued litigation, trial, and/or appeal. The Court finds that the Settlement Stipulation was reached in the absence of collusion, is the product of informed, good-faith, arms-length negotiations between the parties and their capable and experienced counsel, including two full-day formal mediations for the California Action, and two additional full-day joint mediations for both Actions.

The Court further finds that the proposed Settlement Class meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3), and should be certified for settlement purposes only; that the Plaintiffs should be appointed Class Representatives and the attorneys identified above should be preliminarily appointed as Class Counsel; and that it is appropriate to effectuate notice to the Settlement Class as set forth in the Settlement Stipulation and as modified by this Order, and to schedule a hearing for the Court to determine whether to grant final approval for the class action settlement ("Final Approval Hearing").

The Court finds that the Settlement Stipulation confers substantial benefits upon the Settlement Class, particularly in light of the injunctive relief and the damages that the Class Representatives and Class Counsel believe would be recoverable at trial and the defenses that would be asserted and pursued, without the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal.

The Court has conducted a preliminary assessment of the Settlement Stipulation and finds that the proposed settlement is within the "range of reasonableness" meriting possible final approval such that dissemination of notice to the Settlement Class Members, and the scheduling of a final approval hearing, are worthwhile and appropriate. *See, e.g., In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079-80 (N.D. Cal. 2007).

For settlement purposes only, the Court preliminarily finds that the prerequisites for a settlement class under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Class Representatives and Class Counsel; (e) predominance of common questions; and (f) superiority.

For settlement purposes only, the Court designates the Plaintiffs as representatives of the Settlement Class. For settlement purposes only, the Court preliminarily appoints as Class Counsel to effectuate the Settlement Stipulation: Kathryn A. Stebner, Christopher J. Healey, Michael D. Thamer, Guy B. Wallace, David T. Marks, Robert S. Arns, W. Megan Yarnall, Dan Drachler, and Leah S. Snyder. For purposes of these settlement approval proceedings, the Court finds that these attorneys and their law firms are well-qualified to serve as Class Counsel. In addition to injunctive relief, the Settlement Stipulation provides for monetary relief to Settlement Class Members.

With the modification required by this Order, the Court finds that the Class Notice (both in long form and summary form) attached as Exhibit C to the Declaration of Kathryn Stebner (Dkt. No. 201-5) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and meets the requirements of due process and Rule 23. The Court further finds that the Class Notice, with the modification required by this Order, complies with Rule 23(c)(2)(B) because it is appropriate under the circumstances, provides individual notice to all

Settlement Class Members who can be identified through a reasonable effort, and is reasonably calculated under all the circumstances to apprise the Settlement Class Members of the pendency of the Actions, the terms of the Settlement Stipulation, and the right to object to and be excluded from the Settlement Stipulation.  The Court finds that dissemination of the Class Notice in the manner set forth in this Order and the Settlement Stipulation meets the requirements of due process and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

Accordingly, the Court preliminarily approves the parties' settlement as set forth in the Settlement Stipulation and preliminarily grants class certification for the Settlement Class as defined above, and the Court approves the Class Representatives and Class Counsel to act on behalf of the Settlement Class.

The Court approves the designation of The Huntington National Bank, ("Escrow Agent") to serve as the Escrow Agent for the Settlement Fund, pursuant to the terms of the Settlement Stipulation and Exhibit 4 of the Settlement Stipulation, the Escrow Agreement and Escrow Procedure Agreement.   The Court further approves establishing and maintaining the Settlement Fund pursuant to the terms of the Settlement Stipulation, the Escrow Agreement, and the Escrow Procedure Agreement, and orders the Escrow Agent and Settlement Administrator to carry out their duties under the Settlement Stipulation, the Escrow Agreement, and the Escrow Procedure Agreement with respect to the Settlement Fund.  All funds held in the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned to Defendants pursuant to the Settlement Stipulation, Escrow Agreement, the Escrow Procedure Agreement, or further order of the Court.

With the following modification, the Court approves as to form and to content, the proposed long form and summary form of Class Notice, attached as Exhibit C to the Declaration of Kathryn Stebner (Dkt. No. 201-5).  The parties are ORDERED to modify the notice to reference Ms. Troy in lieu of Mr. Newirth.

The Court approves the designation of CPT Group, Inc. to serve as the settlement

administrator for the settlement ("Settlement Administrator").  The Settlement Administrator shall disseminate Class Notice, supervise and carry out the notice procedure and other administrative functions, shall respond to Settlement Class Member inquiries, and perform such other duties as set forth in the Settlement Stipulation and this Order under the direction and supervision of the Court.

The Court directs the Settlement Administrator to establish a Settlement Website, making available copies of this Order, the Class Notice, the Settlement Stipulation and all filed exhibits thereto, and such other information as may be of assistance to Settlement Class Members or required under the Settlement Stipulation.

The Settlement Administrator is ordered to substantially complete dissemination of the Class Notice no later than ten (10) business days after the entry of this Preliminary Approval Order.

The costs of the Class Notice, creating and maintaining the Settlement Website, and all other Notice and Payment Distribution Administration Expenses shall be paid out of the Settlement Fund in accordance with the applicable provisions of the Settlement Stipulation, Escrow Agreement, and Escrow Procedure Agreement.

The Settlement Administrator shall mail and e-mail the Notice to all Settlement Class Members at the addresses provided by Defendant, as updated by the Settlement Administrator, and shall also publish the summary form of Notice in a single publication of the USA Today (California and Washington weekday edition), as set forth in the Settlement Stipulation.

Settlement Class Members who wish to receive a settlement award do not need to take any action.  If a Settlement Class Member is deceased, the legal successor for the Settlement Class Member may obtain payment by providing the Settlement Administrator with appropriate proof of successor status and a current address.

Any person falling within the definition of the Settlement Class may, upon his or her request, be excluded from the Settlement Class.  Any such persons (or their legal representative or successor-in-interest) must submit a request for exclusion to the Settlement Administrator via first class United States mail postmarked no later than the Opt Out Date, which shall be sixty (60)

calendar days from the Notice Date, as set forth in the Class Notice. Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void.

Any Settlement Class Member who does not send a signed request for exclusion postmarked or delivered on or before the Opt Out Date will be deemed to be a Settlement Class Member for all purposes and will be bound by all further orders of the Court in this Action and by the terms of the settlement, if finally approved by the Court. The written request for exclusion must be signed by the potential Settlement Class Member (or his/her legal representative or successor-in-interest) and contain the following information: (a) the Settlement Class Member's name, current address and telephone number and (b) a statement that indicates a desire to be excluded from the Settlement Class. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Settlement Stipulation shall have no rights under the Settlement Stipulation and shall not be bound by the Settlement Stipulation or the Final Judgment and Order.

The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with all timely Requests for Exclusion on a rolling basis upon receipt and a final list of all timely Requests for Exclusion within five (5) business days after the Opt Out Date. The names for all timely Requests for Exclusion will be deemed confidential under the Protective Order and shall not be made publicly available. In addition to its affidavit to the Court attesting that Notice was disseminated pursuant to the Notice Program, the Settlement Administrator shall also include in its affidavit the final number of all timely Requests for Exclusion five (5) business days prior to the Final Approval Hearing.

Any Settlement Class Member (or their legal representative or successor-in-interest) who desires to object to the proposed settlement, including the requested attorneys' fees and expenses or service awards to the Plaintiffs, must timely file with the Clerk of this Court a notice of the objection(s), together with all papers that the Settlement Class Member desires to submit to the Court no later than the Objection Date, which shall be sixty (60) calendar days after the Notice Date as set forth in the Class Notice.

The written objection must include: (a) a heading which refers to the Action; (b) the

objector's name, address, telephone number and, if represented by counsel, of his/her counsel; (c) a statement that the objector resided at or signed a contract with Defendant, predecessors, successors, assigns or related entities during the Settlement Class Period and (d) the Defendant assisted living facility at which they resided, or that the objector is the legal representative of such a person; (e) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (f) a clear and concise statement of the objection to the Settlement and the Settlement Stipulation, including all factual and/or legal grounds supporting the objection; (g) copies of any papers, briefs, or other documents upon which the objection is based; and (h) the objector's signature under penalty of perjury.

Absent good cause found by the Court, any Settlement Class Member who fails to make a timely written objection in the time and manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by objection, appeal or otherwise) to the Settlement and the Settlement Stipulation.

The Court will hold a final approval hearing on August 20, 2021, at 9:00 a.m, before this Court in Courtroom 5, United States District Court, Northern District of California – Oakland, 1301 Clay Street, Oakland, California 94612, for the following purposes:

(1) determining whether the proposed settlement of the Actions on the terms and conditions provided for in the Settlement Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(2) considering whether the Court should enter an order of final approval and judgment Approving Class Action Settlement;

(3) considering whether the Court should enter an Order for the Injunction;

(4) considering the application for service awards to the Class Representatives as provided for under the Settlement Stipulation;

(5) considering the application of Class Counsel for an award of attorneys' fees and litigation expenses as provided for under the Settlement Stipulation; and

(6) ruling upon such other matters as the Court may deem just and appropriate.

The Court may adjourn the Final Approval Hearing and later reconvene such hearing

without further notice to the Settlement Class Members.

Any Settlement Class Member (or their legal representative) who has timely filed an objection pursuant to Paragraphs 20 and 21 above may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of the settlement and the Settlement Stipulation, including Class Counsel's request for award of attorneys' fees and litigation costs. All Settlement Class Members who do not enter an appearance will be represented by Class Counsel.

Opening papers in support of Plaintiffs' and Class Counsel's application for attorneys' fees, litigation expenses and service awards, shall be filed and served thirty-five (35) calendar days prior to the Opt Out and Objection Dates. Opening papers for in support of the motion for final approval, shall be filed fifteen (15) calendar days prior to Opt Out and Objection Dates. Opposition papers, if any, must be filed with the Court and served on the Parties' counsel at least fourteen (14) calendar days prior to the Final Approval Hearing. Reply papers, including response to oppositions or objections, if any, must be filed and served at least seven (7) calendar days prior to the Final Approval Hearing.

The Parties may further modify the Settlement Stipulation prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein. The Court may approve the Settlement Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

The schedule for the settlement process satisfies the requirements set forth in *In re Mercury Interactive Corporation Securities Litigation*, 618 F.3d 988, 994-95 (9th Cir. 2010), in that Settlement Class Members will be provided notice and access to Class Counsel's pleading in connection with their Motion for Final Approval of the Settlement and Application for Attorneys' Fees and Costs, as well as an adequate amount of time to review such information before the Opt Out and Objection Dates.

Counsel for the Parties are hereby authorized to utilize all reasonable procedures in

connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Stipulation, Escrow Agreement, and/or Escrow Procedure Agreement.

**IT IS SO ORDERED**.

Dated: May 4, 2021

_____
JEFFREY S. WHITE
United States District Judge