UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHI TROY, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>AEGIS SENIOR COMMUNITIES LLC,<br><br>　　　　Defendant. | Case No. 16-cv-03991-JSW<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT**<br><br>Re: Dkt. No. 214 |

Now before the Court for consideration is the motion for final approval of a class action settlement filed by Plaintiffs June Newirth, by and through her successor-in-interest Kathi Troy; Elizabeth Barber, Andrew Bardin, and Thomas Bardin as successors-in-interest to the Estate of Margaret Pierce; and Carol M. Morrison by Stacy A. Van Vleck as Attorney-in-Fact (collectively, "Plaintiffs"). The Court held a final approval hearing on the motion on August 20, 2021. No objections were filed and there were no persons present who objected to the settlement.

The Court has considered the Parties' Stipulation of Settlement ("Settlement Stipulation" or "SS"), the briefs, the declarations, and the exhibits in support of the Motion, the parties' written responses to the Court's questions, the supplemental declaration submitted by Ms. Van Vleck, relevant legal authority, the record in this case, and the parties' arguments at the hearing. The Court HEREBY ORDERS as follows:

　　1.　　The terms and definitions in the Settlement Stipulation are hereby incorporated as though fully set forth in this Final Judgment and Order ("Judgment").

　　2.　　Plaintiffs, on their own behalf and on behalf of others similarly situated, and Defendant Aegis Senior Communities, LLC, dba Aegis Living ("Defendant") have entered into the Settlement Stipulation and an amendment to that stipulation (collectively the "Settlement

Stipulation"), dated January 15, 2021 and March 23, 2021, respectively, to resolve this case ("California Action") and an action pending in King County Superior Court in Washington, *Carol M. Morrison, et al. v. Aegis Senior Communities, LLC, dba Aegis Living*, case no. 18-2-06326-4-SEA ("Washington Action"). The parties have agreed to settle the California Action and the Washington Action (together, "Actions") upon the terms and conditions set forth in the Settlement Stipulation.

3. The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Settlement Class Members, pursuant to 28 U.S.C. sections 1332(d)(2), 1367, and 1453.

4. The Settlement Class shall consist of the following subclasses:

(a) All persons who resided at one of the Aegis Living branded California assisted living facilities at any time between April 12, 2012, through and including October 30, 2020 (the "California Class Period") that were owned or managed by Defendant or in which Defendant was identified as a licensee by California's Department of Social Services, including without limitation the following communities: Aegis Gardens (Fremont), Aegis of Aptos, Aegis of Carmichael, Aegis of Corte Madera, Aegis of Dana Point, Aegis of Fremont, Aegis of Granada Hills, Aegis of Laguna Niguel, Aegis of Moraga, Aegis of Napa, Aegis of Pleasant Hill, Aegis of San Francisco, Aegis of San Rafael, Aegis of Shadowridge (Oceanside), and Aegis of Ventura ("California Subclass")[1]; and

(b) All Persons who resided at one of the Aegis Living branded Washington assisted living facilities at any time between March 8, 2014, through and including October 30, 2020 (the "Washington Class Period") that were owned or managed by Defendant or in which Defendant was identified as a licensee by Washington's Department of Social and Health Services, including without limitation the following communities: Aegis Gardens (Newcastle), Aegis Lodge (Kirkland), Aegis of Bellevue, Callahan House (Shoreline), Aegis of Issaquah, Aegis of Kent, Aegis of Kirkland, Aegis of Lynnwood, Aegis of Madison (Seattle), Aegis of Marymoor (Redmond), Aegis of Mercer Island, Queen Anne on Galer, Queen Anne Rodgers Park, Aegis of Ravenna (Seattle), Aegis of Redmond, Aegis of Shoreline, Aegis of West Seattle, Aegis of Bothell, Aegis of Edmonds, and Aegis of Northgate ("Washington Subclass")[2].

---

[1] With respect to Aegis of San Rafael, the Settlement Class includes only persons who resided at the Aegis of San Rafael facility between April 12, 2012 through and including March 31, 2016.

[2] With respect to Aegis of Bothell, Aegis of Edmonds, and Aegis of Northgate, the Settlement Class includes only persons who resided at those facilities between March 8, 2014

5. The following are excluded from the Settlement Class: (i) Defendant and its officers, directors and employees; (ii) the Settlement Class Members (or their legal successors) who submitted valid and timely Requests for Exclusion[3]; and (iii) the Judges to whom this Action and the Other Actions are assigned and any members of their immediate families.

6. For settlement purposes only, the Class Representatives are Plaintiffs Kathi Troy as successor-in-interest to the Estate of June Newirth; Elizabeth Barber, Andrew Bardin, and Thomas Bardin as successors-in interest to the Estate of Margaret Pierce; and Carol M. Morrison by Stacy A. Van Vleck as Attorney-in-Fact. For settlement purposes only, the Court designates the Plaintiffs as representatives of the Settlement Class.

7. For settlement purposes only, the Class Counsel are: Kathryn Stebner of Stebner & Associates; Christopher Healey of Dentons US LLP; Guy Wallace of Schneider Wallace Cottrell Konecky LLP; Robert Arns of The Arns Law Firm; Michael D. Thamer of the Law Offices of Michael D. Thamer; Megan Yarnall of Janssen Malloy LLP; David Marks of Marks, Balette, Giessel & Young, P.L.L.C.; Henry Avery of Zwerling, Schachter & Zwerling, LLP; Leah Snyder of Ember Law, P.L.L.C.; and Kirsten Fish of Needham Kepner & Fish LLP. For settlement purposes only, the Court appoints Class Counsel to effectuate the Settlement Stipulation. For purposes of these settlement approval proceedings, the Court finds that these attorneys and their law firms are well-qualified to serve as Class Counsel.

8. For settlement purposes only, the Court finds that the prerequisites for a settlement class under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Class Representatives and Class Counsel; (e) predominance of common questions; and (f) superiority. The Court thus finds that the proposed Settlement Class meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) and should be certified for settlement purposes only.

9. The Court approves the settlement as set forth in the Settlement Stipulation and

---

through and including September 30, 2015.

[3] The list of class members who sought to be excluded was filed on August 20, 2021, and has been filed under seal. (*See* Dkt. 223-4, Declaration of Tarus Dancy, Ex. 1.)

finds that the settlement is in all respects fair, reasonable, adequate, and just to the Settlement Class Members. As set forth in the declarations submitted, the Plaintiffs, by and through their counsel, have investigated the facts and law related to the matters alleged in the Actions, have engaged in extensive motion practice, and have evaluated the risks associated with continued litigation, trial, and/or appeal. The Court finds that the Settlement Stipulation was reached in the absence of collusion, is the product of informed, good-faith, arms-length negotiations between the parties and their capable and experienced counsel, including two full-day formal mediations for the California Action, and two additional full-day joint mediations for both Actions.

10. The Court finds that the Settlement Stipulation confers substantial benefits upon the Settlement Class, particularly in light of the injunctive relief and the damages that the Class Representatives and Class Counsel believe would be recoverable at trial and the defenses that would be asserted and pursued, without the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal.

11. The Court will sign and enter the Stipulated Injunction contemporaneous with this Order. By its terms, the Stipulated Injunction shall commence on the Effective Date and shall remain in place for three (3) years from that date, unless otherwise extended by Court order in accordance with the provisions of Paragraph 12 of the Stipulated Injunction.

12. The Court has again reviewed the Class Notice (both in long form and summary form, attached as Exhibit E to Plaintiffs' Notice of Lodgment) that was sent or made available to the Settlement Class Members. The Court finds that the Class Notice is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and meets the requirements of due process and Rule 23. The Court further finds that the Class Notice complies with Rule 23(c)(2)(B) because it is appropriate under the circumstances, provided individual notice to all Settlement Class Members who could be identified through a reasonable effort, and was reasonably calculated under all the circumstances to apprise the Settlement Class Members of the pendency of the Actions, the terms of the Settlement Stipulation, and the right to object to and be excluded from the Settlement Stipulation. The Court finds that dissemination of the Class Notice met the requirements of due process and is the best notice practicable under the

circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

13. Defendant is hereby ordered to comply with the terms of the Settlement Stipulation.

14. Upon the Effective Date, and subject to fulfillment of all of the terms of the Settlement Stipulation, each and every Releasing Party shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim against any Released Party in any court or any forum.

15. Without affecting the finality of the Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment, the Settlement Stipulation, the Stipulated Injunction, and all matters ancillary thereto.

16. The Parties are hereby authorized without requiring further approval from the Court, to agree to and adopt such modifications and expansions of the Settlement Stipulation, including without limitation, the forms to be used in the process of distributing settlement payments, which are consistent with this Judgment and do not limit the rights of Settlement Class Members under the Settlement Stipulation.

17. All other relief not expressly granted to the Settlement Class Members is denied.

18. Within sixty (60) days after all Settlement Awards have been paid to all Settlement Class Members, including any and all subsequent Settlement Award distributions and/or *cy pres* awards as warranted, Plaintiffs shall file a compliance report with the Court. The report shall include a declaration from the Settlement Administrator specifying the amounts used to fund additional rounds of Settlement Awards to identified class members, if any, pursuant to the Settlement Stipulation. Alternatively, if subsequent Settlement Award distributions were economically impractical based on the amounts remaining in the Settlement Fund, the declaration from the Settlement Administrator shall specify the amount distributed to the *cy pres* recipients, Groceries for Seniors and Pike Market Senior Center.

//
//
//
//

19. This Order shall operate as a final judgment in this action, and the Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: August 23, 2021

_____
JEFFREY S. WHITE
United States District Judge